# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Michael A. Debow, | : | Chapter 13 |
| | : | |
| | : | |
| Debtor. | : | Bky. No. 22-13122 (PMM) |

# O R D E R

**AND NOW**, upon consideration of the Application for Compensation (doc. #53, supplemented by doc. #58, "the Application") filed by Brad Sadek ("the Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of **$5,875.00** for legal services provided for the period from October 14, 2022 to April 24, 2023:

**AND** this bankruptcy case having been dismissed on April 25, 2023,

**AND**, upon the Applicant's certification that proper service has been made on all interested parties,

**AND**, upon the Applicant's certification of no response,

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original),

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional

representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, in reviewing the time records submitted by the Applicant and the services provided in this case, the court concluding that a reduction in the allowed compensation is appropriate,[2]

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART AND DENIED IN PART.**

2. Compensation is allowed in favor of the Applicant in the amount of **$4,875.00**. Counsel was paid $2,110.00 of this amount prior to the bankruptcy filing. See also L.B.R. 2016-1(h) (governing procedure for disposition of fee applications without a hearing).

3. The Chapter 13 Trustee is authorized to distribute to the Applicant the allowed compensation ($4,875.00) less the $2,110.00 which was paid by the Debtor prepetition

---

[1]  Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976 (en banc)).

[2]  After reviewing the time records and case docket, I am left unpersuaded that such extensive services were required to represent the interests of the Debtor.

For example, the time sheets show eight (8) consecutive paralegal entries for the same task of contacting the Debtor regarding documents, each at least 18 minutes long.  Further, the Applicant charges no less than half an hour every time he communicated with the Debtor; it is unlikely that each contact took that long.

I have therefore disallowed $1,000.00 of the requested amount.  Such an approach permits the court to avoid becoming enmeshed in a fee application process that is overly cumbersome or disproportionate given the size of this case and the stakes involved.  See Green Valley Beer, 281 B.R. at 259;  In re In re Adventist Living, 137 B.R. 701 (Bankr. N.D. Ill. 1991).  See generally Busy Beaver, 19 F.3d at 845 ("Because its time is precious, the reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled").

    (for a **remaining amount due of $2,765.00**), as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B).

4. Cause exists within the meaning of 11 U.S.C. §349(b)(3) and the Trustee is directed to distribute the funds in his possession derived from the pre-confirmation chapter 13 plan payments of the Debtor(s) to pay the allowed compensation.

**Date: June 30, 2023**

                                      **PATRICIA M. MAYER**
                                      **U.S. BANKRUPTCY JUDGE**